OPINION. TueneR, Judge: It is the claim of the petitioners that the $15,000, in each instance, is deductible either as a non-trade or nonbusiness expense, under section 23 (a) (2) of the Internal Revenue Code,[1] or’ as a loss incurred under section 23 (e) (2).[2] Petitioner Edgar Crilly further claims that, as to him, the deduction is allowable as a trade or’ business expense, under section 23 (a) (1)- of the Code. As to petitioner Erminnie M. Hettler, we think the respondent’s dis-allowance in question must stand. At no time was she ever more than a contingent beneficiary of the testamentary trust. In the event of her mother"s death prior to the death of all of the other primary beneficiaries* she might have become an income beneficiary. Upon the death of all the primary beneficiaries, she might possibly have realized something as remainderman. Prior to the death of her mother, however, the trust lost all of its assets, and all that remained was its liability for unpaid rents from May 8, 1925. This liability had been incurred by reason of a failure on the part of the trustees to pay any added annual rental on the basis of an increased valuation of the leased property. The trust income not so used had been distributed to the five primary beneficiaries, and if there were rights in the Board of Education to follow the said income, such rights were against the income beneficiaries. Petitioner’s mother, not the petitioner, was the income beneficiary who had received the income distribution in question. Whatever the claim accruing to the Board of Education by reason of such distribution of the trust income, it was against the petitioner’s mother, not against petitioner. It was, we think, a claim against the estate of the petitioner’s mother, but was never petitioner’s-obligation. It is true the petitioner agreed to satisfy a pro ratá part of the ultimate amount which might be determined as payable to the Board of Education, but that agreement was based on the proposition that there was a charge against her mother’s estate. In short, she received her mother’s estate subject to the said claim. In that situation, the claim of the petitioner that the amount of the payment was deductible by her as a nonbusiness expense, under section 23 (a) (2), supra, or as a loss under section 23 (e) (2), supra, is without merit. . As to petitioner Edgar Crilly, the situation is different. The trust income from which the added rent should have been paid was dis- • tributed among the trust beneficiaries, and, as such beneficiary, Edgar Crilly was entitled to one-fifth. The judgment as later adjusted in settlement was a proper charge against the amounts which previously had been distributed by the trust to the beneficiaries as trust income. As the matter finally terminated, it is clear that amounts were distributed as income to the income beneficiaries which should have been retained for the payment of added rent, and, by reason thereof, the amount of distributable income would have been correspondingly less. The trust was contesting the claim for added rents and to the extent that the amount claimed by the Board of Education was ultimately reduced the trust was successful. Following this course of action, the trust income on hand was currently distributed by the trust and was received by the income beneficiaries as such. In the circumstances, the income was received by the beneficiaries under a claim of right and constituted taxable income to them in the years received. It was later determined and decided that the trust income so distributed would have to be restored by the income beneficiaries. These amounts were ultimately determined and paid in 1945, and by reason of their direct relation to the income items received in prior years, they constituted losses sustained. It is accordingly our conclusion that as to Edgar Crilly the $15,000, representing his pro rata part of the payment in satisfaction of the judgment, was, as to him, a loss within the meaning of section 23 (e) (2), supra. See, in this connection, the pronouncement of the Supreme Court at the conclusion of its opinion in North American Oil Consolidated v. Burnet, 286 U. S. 417. In light of the conclusion stated, it becomes unnecessary for us to consider the petitioner’s alternate claim that the amount in question was an ordinary and necessary expense of his business of acting as trustee. See, in that connection, however, Commissioner v. Heide, 165 Fed. (2d) 699, and Commissioner v. Josephs, 168 Fed. (2d) 233, certiorari denied, 335 U. S. 871. For the reasons which have been stated in support of our conclusions above, we also regard the claim of the respondent, to the effect that there was no payment of the judgment on the part of the trust beneficiaries and.that as to them and the living trust the expenditure of the $75,000 should be regarded as a capital item, as having no substance. The effect of the transaction was a payment of the $75,000 by the living trust for and on account of the beneficiaries. The only way the living trust was involved was as an accommodation provider of funds for the beneficiaries and the payments by the beneficiaries being a repayment, in part, of amounts, previously, though erroneously, received by them as income, there is no basis for holding that they were capital in character. Due to the fact that the cashier’s check delivered to the Board of Education in satisfaction of the judgment was not cashed, as shown by the stamp on the back thereof, until January 22,1946, the respondent, on brief, claims that it has not been shown that the $75,000 in question was paid in 1945, in satisfaction of the judgment, and, for that reason, no amount with respect thereto is deductible by the petitioners in 1945. While the pleadings were not as definitely and precisely drawn as they might have been, it is apparent that there was never any disallowance of the deduction on the ground stated, and further, that both parties proceeded to trial with issues based on the proposition that the payment in question had been made in 1945 but that the deduction claimed was not allowable for other reasons. Such being the facts and circumstances, orderly procedure requires that the respondent, if he has any question such as he now attempts to raise on brief, must voice such question by a proper pleading, or, at the very least, by a representation at or during the trial, that the matter is covered in the issues which have been pleaded. We will not hear and decide an issue raised for the first time by a party on his brief. Decisions will be entered under Rule 50. SEC. 23. DEDUCTIONS PROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses.— * * * * * * * (2) Non-trade or non-business expenses. — In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year- for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. (e) Losses bt Individuals. — In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise— ******* (2) If incurred in any transaction entered into for profit, though not connected with the trade or business; * * *