T.C. Memo. 2005-298

UNITED STATES TAX COURT

ISABELLE BICHINDARITZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16098-03.                    Filed December 29, 2005.

<u>Scott A. Schumacher</u>, for petitioner.

<u>Catherine L. Campbell</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax of $1,776 for 2001.

After petitioner's concession,[1] the issues for decision are whether petitioner may deduct for 2001 (1) $1,916 that she paid to a French retirement plan, and (2) real estate taxes.  We hold that she may not.

Unless otherwise stated, section references are to the Internal Revenue Code as amended and in effect in the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in Seattle, Washington, when the petition was filed.  In 2001, petitioner was a citizen of France and a resident of the United States for tax purposes.

In 2001, petitioner was a professor at the University of Washington, Central Washington University, and Evergreen State College.  In 2001, Central Washington University contributed $4,653.22 on petitioner's behalf to a retirement plan in the United States, and petitioner paid the equivalent of $1,916 to a pension plan in France (French pension plan).

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2001, reported that she was married filing

---

[1] Petitioner concedes that she failed to report $3,396 of income from Evergreen State College on her Form 1040 for 2001 as determined by respondent.

separately, and deducted $1,916 for a payment to an individual retirement account (IRA).

OPINION

A.   Whether Petitioner May Deduct $1,916 That She Paid to Her French Pension Plan in 2001

1.   Petitioner's Contentions and Background

Petitioner contends that $1,916 that she paid to a French pension plan in 2001 is deductible under section 219(a) and article 18(2)(a)[2] of the Convention for the Avoidance of Double

---

[2] Art. 18(2)(a) and (b) of the Convention for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and Capital, Aug. 31, 1994, U.S.-France, 2 Tax Treaties (CCH) par. 3001.19, as modified by applicable subsequent agreements, as in effect in 2001 provides in pertinent part:

2. (a)  In determining the taxable income of an individual who renders personal services and who is a resident of a Contracting State but not a national of that State, contributions paid by, or on behalf of, such individual to a pension or other retirement arrangement that is established and maintained and recognized for tax purposes in the other Contracting State shall be treated in the same way for tax purposes in the first-mentioned State as a contribution paid to a pension or other retirement arrangement that is established and maintained and recognized for tax purposes in that first-mentioned State, provided that the competent authority of the first-mentioned State agrees that the pension or other retirement arrangement generally corresponds to a pension or other retirement arrangement recognized for tax purposes by that State.

(b)  For the purposes of subparagraph (a):

*       *       *       *       *       *       *
(ii) where the competent authority of the United States
(continued...)

Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and Capital (the 1994 U.S./French Tax Convention), Aug. 31, 1994, U.S.-France, 2 Tax Treaties (CCH) par. 3001.19, as modified by applicable subsequent agreements, as in effect in 2001.

Article 18(2)(a) of the 1994 U.S./French Tax Convention provides that contributions to a French retirement plan generally are treated in computing U.S. tax as though they were paid to a pension or other retirement arrangement established and recognized for tax purposes in the United States if the competent authority of the United States agrees that the French pension or other retirement plan generally corresponds to a pension or other retirement arrangement recognized for tax purposes by the United States.

Section 219(a) provides that an individual taxpayer may deduct qualified retirement contributions made in the taxable

---

[2](...continued)
agrees that a mandatory French pension or other retirement arrangement generally corresponds to a United States pension or other retirement arrangement (without regard to the mandatory nature of such arrangement), it is understood that contributions to the French pension or other retirement arrangement shall be treated in the United States in the same way for tax purposes as contributions to the United States pension or other retirement arrangement; and

(iii) a pension or other retirement arrangement is recognized for tax purposes in a State if the contributions to the arrangement would qualify for tax relief in that State.

year.  A qualified retirement contribution is (1) "any amount paid in cash for the taxable year by or on behalf of an individual to an individual retirement plan for such individual's benefit", sec. 219(e)(1), and (2) "any amount contributed on behalf of any individual to a plan described in section 501(c)(18)", sec. 219(e)(2).

Section 501(c)(18) describes trusts that are exempt from taxation.  A trust may qualify under section 501(c)(18) if:  (1) It was created before June 25, 1959, as part of a plan providing for the payment of benefits under a pension plan funded only by contributions of employees; (2) it is impossible at any time before all liabilities are satisfied with respect to employees under the plan for any part of the corpus or income to be (within the taxable year or thereafter) used for any purpose other than the providing of benefits under the plan; and (3) benefits are payable to employees under a classification provided in the plan which does not discriminate in favor of employees who are highly compensated (within the meaning of section 414(q)).

On her Form 1040, petitioner deducted the $1,916 payment as a qualified retirement contribution to an individual retirement account (IRA).  She contended in her pretrial memorandum and at trial that she properly deducted that amount as an IRA contribution.  In the opening brief, respondent argued that section 219(g)(5) limits IRA deductions for active participants

in a plan established by the Government or by an agency or instrumentality of the Government and that petitioner participated in such a retirement plan with Central Washington University in 2001.

2.  Whether Petitioner May Contend That She Made Payments to an Entity that Qualifies as a Trust Under Section 219(e)(2)

Petitioner contended for the first time in her posttrial brief[3] that her $1,916 payment to a French pension plan in 2001 qualified as a retirement contribution under section 219(e)(2) because she paid it to an entity that generally corresponds to a trust as defined in section 501(c)(18).  Respondent asserts that petitioner raised that issue untimely.  We agree.

Generally, we do not consider an issue raised for the first time on brief.  See DiLeo v. Commissioner, 96 T.C. 858, 891 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Torres v. Commissioner, 88 T.C. 702, 718 (1987); Seligman v. Commissioner, 84 T.C. 191, 198-199 (1985), affd. 796 F.2d 116 (5th Cir. 1986); Philbrick v. Commissioner, 27 T.C. 346, 353 (1956); Hettler v. Commissioner, 16 T.C. 528, 535 (1951).  Petitioner raised this issue too late for either party to offer relevant evidence.  At trial, respondent had no reason to, and did not, offer evidence relating to whether petitioner's French pension plan generally

---

[3]  Respondent filed an opening brief, petitioner filed an answering brief, and respondent filed a reply brief.

corresponded to a trust or whether it met the requirements of section 501(c)(18).  Therefore, respondent would be prejudiced if petitioner were permitted to raise this issue after trial.

3.  <u>Whether Petitioner Paid $1,916 to an Entity That Generally Corresponds to a Trust As Defined in Section 501(c)(18)</u>

Petitioner contends that the French pension plan to which she paid $1,916 in 2001 generally corresponds to a trust as defined by section 501(c)(18).  Even if we considered this argument, petitioner would not prevail.

Petitioner has not shown that the French pension plan to which she contributed generally corresponded to a trust under section 501(c)(18).[4]  Petitioner testified that (1) the French pension plan was limited to permanent public employees, (2) the plan would pay her a taxable annuity after she reaches age 60, (3) the plan has no survivor benefits, and (4) she would lose all benefits under the plan if she stopped contributing to it.

The record includes a summary of a tax convention signed by representatives of France and the United States on July 28, 1967.  Exhibit 12-P (in French) and 16-P (English translation of Exhibit 12-P) consists of three documents.  The first document is a

---

[4]  Petitioner has the burden of proof.  The burden of proving a factual issue relating to liability for tax shifts to the Commissioner under certain circumstances.  Sec. 7491(a).  Petitioner does not contend that sec. 7491 applies.  Thus, petitioner bears the burden of proof.  See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

certificate signed by the general secretary of the Union Nationale des Mutuelles Retraite des Instituteurs et des Fonctionnaires de l'Education Nationale et de la Fonction Publique (MRF) on February 28, 2002. That document states that petitioner was saving through an intermediary of MRF's known as Caisses Autonomes, a soldier's benefit society annuity with the participation (not further described in the record) of France. It also states that contributions are deductible if the pension does not exceed the maximum current threshold, which was the equivalent of €1372.72 (euros) in 2001.

The second document is an undated letter to petitioner from Union Mutualistic Retraite (UMR) responding to her request dated July 11, 2003, to change her contributions.

The third document appears to (1) be excerpts from an article by the Direction des Retraites CDC (not otherwise described in the record), about (a) French parliamentary debates on French pensions and retirement system and (b) new retirement products that are the result of an ordinance dated April 19, 2001; and (2) a summary or explanation of some of the features of a French pension plan offered by UMR.

Petitioner contends that these documents show that the French pension plan generally corresponds to a trust under section 501(c)(18). We disagree. First, there is no evidence (1) that petitioner paid the $1,916 to a trust or anything

similar to a trust or (2) that the entity to which petitioner made the payment was formed before June 25, 1959. Petitioner wrote on Exhibit 12-P: "UMR was created on February 25, 2002". Petitioner contends that the French pension plan was formed before June 25, 1959, because the corpus of that plan has existed since 1949. Petitioner relies on Rapport de Gestion, UMR, which she states is available on a Web site. We have not considered that document because it was not offered or admitted into evidence.

Petitioner contends that we should take judicial notice that the corpus of petitioner's French retirement plan has existed since 1949. A judicially noticed fact may not be subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The UMR Web site does not meet either requirement, and we do not take judicial notice of items appearing in it. See id.

To qualify under section 501(c)(18)(B), petitioner's French retirement plan must provide benefits that are payable to employees under a classification which is set forth in the plan and which does not discriminate in favor of highly compensated employees. See sec. 501(c)(18)(B). Petitioner contends that her testimony that this requirement is met is corroborated at page 4

of Exhibits 12-P and 16-P.  We disagree.  Page 4 of those Exhibits does not so state.

To qualify under section 501(c)(18), the plan must have been funded solely by employee contributions.  There is no evidence of the source of funding of the French pension plan other than petitioner's $1,916 payment in 2001.

To qualify under section 501(c)(18), the benefits paid under the plan may not discriminate in favor of highly compensated employees.  Sec. 501(c)(18)(B) and (C).  Petitioner contends that Exhibits 12-P and 16-P and the UMR Web site show that the pension plan meets this requirement.  We disagree.  Exhibits 12-P and 16-P do not describe the coverage of the French pension plan, and the UMR Web site is not in evidence.

According to petitioner, a publication prepared by the French Foreign Ministry states that her $1,916 payment to the French pension plan in 2001 is deductible.  The publication to which petitioner refers describes a tax convention signed by France and the United States on July 28, 1967.  We disagree that the publication authorizes petitioner to deduct the $1,916.  The publication refers to a tax convention that was superseded by the 1994 U.S./French Tax Convention.  See 1994 U.S./French Tax Convention art. 23(4), 2 Tax Treaties (CCH) par. 2001.24. Article 18 of the 1994 U.S./French Tax Convention, rather than Article 19 in the now-superseded convention signed in 1967,

governs deductions for pension payments made in 2001. The French Foreign Ministry publication does not apply to petitioner's payments to the French pension plan in 2001.

We conclude on this record that the French pension plan to which petitioner paid $1,916 in 2001 does not generally correspond to a trust as defined by section 501(c)(18). Thus, petitioner may not deduct $1,916 that she paid to her French retirement plan in 2001.[5]

B.    Whether Petitioner May Deduct Real Estate Tax in 2001

Petitioner asserts that she is entitled to deduct real estate taxes she paid when she bought property in France in 2001.[6] At trial, petitioner offered to give respondent an English translation of a settlement statement that she received when she bought the property in question. The settlement statement shows that certain taxes were calculated in connection with petitioner's purchase of the property. However, the record does not show whether the taxes are foreign real estate taxes

---

[5] In light of this conclusion, we need not decide respondent's contention regarding the fact that petitioner did not receive a determination from the United States competent authority as to whether the French retirement plan generally corresponds to a United States retirement plan or that certain documents, including Exhibits 9-P and 12-P, and the English translation of them, Exhibits 14-P and 16-P, should not have been admitted in evidence.

[6] The Court granted petitioner's motion for leave to file the amended petition raising this issue when this case was called for trial.

that are deductible under section 164(a)(1);[7] i.e., that were imposed on her interest in real property and that such taxes were levied for the general public welfare, sec. 1.164-3(b), Income Tax Regs.  Absent that evidence, we hold that petitioner is not entitled to the deduction that she claims.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.

---

[7]  See sec. 1.164-3(b), Income Tax Regs., which defines real property taxes as "taxes imposed on interests in real property and levied for the general public welfare, but does not include taxes assessed against local benefits.  See §1.164-4."  Sec. 1.164-4(a), Income Tax Regs., states that taxes for local benefits that are not deductible include taxes for benefits "such as streets, sidewalks, and other like improvements, imposed because of and measured by some benefit inuring directly to the property against which the assessment is levied".  See sec. 164(c)(1).